UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 11
HAIMIL REALTY CORP.,                                      Case No. 14-11779 (MEW)

                        Debtor.
---------------------------------------------------------x

# ORDER CONFIRMING THE DEBTOR'S FIRST
# AMENDED CHAPTER 11 PLAN OF REORGANIZATION

Haimil Realty Corp., the debtor and debtor-in-possession herein (the "Debtor"), having filed its *First Amended Chapter 11 Plan of Reorganization*, dated March 24, 2017, as modified by way of a *Debtor's First Pre-Confirmation Modification of First Amended Chapter 11 Plan of Reorganization Pursuant to 11 U.S.C. §1127,* dated April 21, 2017 (the "Plan")[1], with this Court; and an Order having been entered by this Court on April 3, 2017 approving the *First Amended Disclosure Statement in Connection With Chapter 11 Plan of Reorganization Proposed by the Debtor*, dated March 24, 2017 (the "Disclosure Statement"), in connection with the Plan (the "Disclosure Statement Order"); and the Debtor having thereafter, and in accordance with the Disclosure Statement Order, transmitted copies of: (a) the Plan; (b) the approved Disclosure Statement; and (c) the approved Notice of (1) Hearing to Consider Confirmation of Debtor's Chapter 11 Plan of Reorganization and Related Matters, and (2) the Time Within Which Objections to Confirmation of Plan Must Be Served and Filed With the Court, to all creditors and parties in interest; and the Debtor having given due, proper, and adequate notice of the date, time, and place for the hearing to consider confirmation of the Plan and the deadline for objecting to same; and the Court having read and considered, among other things, (a) the Declaration of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Menachem Haimovich, filed on April 24, 2017; (b) the Memorandum of Law, filed on April 24, 2017; and (c) the Supplemental Declaration of Menachem Haimovich, filed on May 22, 2017, submitted by the Debtor in support of confirmation of the Plan; and a hearing on notice having been held on May 23, 2017 to consider confirmation of the Plan and other matters relating to confirmation of the Plan (the "Confirmation Hearing"); and creditors and parties-in-interest in this case having had an opportunity to appear and be heard at the Confirmation Hearing; and upon all other pleadings and papers heretofore filed herein, all proceedings heretofore had herein, and the record of the Confirmation Hearing; and after due deliberation and good and sufficient cause appearing therefor;

IT APPEARING AND THE COURT HAVING FOUND AND DETERMINED THAT:

Jurisdiction and Notice

A. This Court has jurisdiction over this case, the Plan, and the confirmation of the Plan pursuant to 28 U.S.C. § 1334, subject to the terms of the Plan and this Order. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(L). Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Due, proper, and adequate notice of the date and time for filing objections concerning the Plan and of the date and time of the Confirmation Hearing was given pursuant to (1) Rule 2002(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and (2) the Disclosure Statement Order.

C. The notices given pursuant to the Disclosure Statement Order or otherwise by the Debtor with respect to the Plan provided adequate disclosure within the meaning of 11 U.S.C. § 1125.

Acceptance of Plan by Impaired Classes

        D.       There are no impaired classes of claims or interests under the Plan and, thus, all classes are deemed to have accepted the Plan.

Plan Compliance

        E.       The Plan complies with all applicable provisions of 11 U.S.C. § 1129.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

General Provisions Regarding Plan and Disclosure Statement Approval and Authorization

        1.       The findings of this Court as set forth herein shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules, which is applicable to this matter by virtue of Rule 9014 of the Bankruptcy Rules.  Each finding of fact set forth or incorporated herein, to the extent that it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein, to the extent that it is or may be deemed a finding of fact, shall also constitute a finding of fact.

        2.       The Plan, the provisions of which are incorporated in this Order by reference as if set forth at length herein, is hereby confirmed in accordance with 11 U.S.C. §§ 1129 and 1141 of the Bankruptcy Code

        3.       The Debtor is hereby authorized and empowered to implement and perform those responsibilities, duties, and obligations set forth herein and in the Plan, including, without limitation, making distributions as provided under (i) the Plan; (ii) the Exit Financing Approval Order entered this same day; and/or (iii) the Sale Approval Order entered this same day.

Payment of Statutory Fees

4. All fees due and payable by the Debtor, if any, to the United States Trustee under and pursuant to 28 U.S.C. § 1930, together with interest pursuant to 31 U.S.C. § 3717, if any, shall be paid until the entry of a final decree.

Revesting of Property of the Estate

5. To the extent permitted pursuant to 11 U.S.C. §§ 1123(a)(5)(A) and 1141, and except as may be otherwise provided in the Plan, title to all assets and property of the Estate of the Debtor be and hereby is passed to, and vested in, the Post-Confirmation Debtor free and clear of all Claims, Liens, charges and other rights of creditors arising prior to the Effective Date and the Post-Confirmation Debtor is authorized to conduct its affairs and use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules of Bankruptcy Procedure and/or this Court.

Discharge

6. Except as otherwise provided in the Plan and/or this Order, the rights afforded in the Plan shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtor, its Estate, or any of its assets or properties to the extent permissible under 11 U.S.C. §§ 524 and 1141.

Continuation of Stays

7. Except to the extent previously modified by the Court, all stays provided for in the Chapter 11 Cases under 11 U.S.C. § 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the completion of all payments required under the Plan.

Limitation of Liability

8. The Debtor and its Professionals shall have or incur no liability to the extent allowed under § 1125(e) of the Bankruptcy Code and, in all respects, the Debtor and its Professionals shall be entitled to rely upon the advice of counsel with respect to its duties and responsibilities under the Plan. Nothing in the Plan shall limit the liability of the Professionals of the Debtor to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. Title 22, Section 1200.0, Rule 1.8(h)(1).

9. The Plan shall not release or exculpate any person or entity from any Claim or Cause of Action existing as of the Effective Date (i) based on the Internal Revenue Code or other domestic state, city or municipal tax code; (ii) based on the environmental laws of the United States or any domestic state, city or municipality; (iii) based on any criminal laws of the United States or any domestic state, city or municipality; (iv) based on the Securities Exchange Act of 1934, as now in effect or hereafter amended, the Securities Act of 1933, as now in effect or hereafter amended, or other securities laws of the United States or any domestic state, city, or municipality.

Inconsistency

10. In the event of any inconsistency between this Order and the Plan, this Order shall govern, provided, however, that in the event of any inconsistency between this Order, the Plan, and the Exit Financing Approval Order and/or between this Order, the Plan, and the Sale Approval Order, the Exit Financing Approval Order and/or the Sale Approval Order shall govern as the case may be.

Special Tax Provisions

11.     Pursuant to § 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer in connection with or in furtherance of the Plan, including the deed or other instrument conveying title to the Commercial Unit and/or any mortgage or other security instrument securing the Debtor's obligations to the Lender in connection with the Exit Financing, shall be an instrument of transfer in connection with or in furtherance of the Plans and shall not be subject to tax under any law imposing a stamp tax, real estate Transfer Taxes, mortgage recording tax or similar tax, and, to the extent provided by § 1146(a) of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax.

Dated: New York, New York
       May 24, 2017

**s/Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE
