UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

HAIMIL REALTY CORP.,

Debtor.
-----------------------------------------------------x

Chapter 11
Case No. 14-11779 (MEW)

**ORDER AUTHORIZING THE DEBTOR TO OBTAIN**
**EXIT FINANCING AND GRANTING RELATED RELIEF**

Upon the motion of Haimil Realty Corp., the debtor and debtor-in-possession herein (the "Debtor"), dated and filed herein on May 18, 2017 (the "Motion"), seeking the entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 363(b) of title 11 of the United States Code, authorizing the Debtor to obtain exit financing of $1,500,000 (the "Exit Financing") from Millbrook Realty Capital, LLC (the "Lender") upon the terms set forth in a certain executed Term Sheet dated May 17, 2017 (the "Term Sheet", a copy of which was attached to the Motion as *Exhibit "A"*), and to perform its obligations thereunder, and granting related relief; and the Exit Financing hearing having been sought pursuant to the terms of the Debtor's First Amended Plan of Reorganization (the "Plan"); and the Court having entered an Order to Show Cause on May 19, 2017 in connection with the Motion; and it appearing that service was made in accordance with the Order to Show Cause; and upon the record of the hearing held on May 23, 2017 in connection with the Motion; and due deliberation having been had thereon; and sufficient cause appearing therefor, this Court hereby makes the following findings of facts and conclusions of law:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

B. The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations contained in this Order are §§ 105(a) and 363(b) of the Bankruptcy

Code.

C. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D) and (O).

D. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

E. Sufficient notice of the relief sought in the Motion has been given, and no further notice is required. The Debtor has adequately disclosed all material facts necessary to permit the Court, the Debtor and the Debtor's creditors to evaluate the merits of the Motion. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to interested persons and entities.

F. The Debtor has advanced sound business reasons for obtaining the Exit Financing from the Lender under the terms and conditions set forth in the Term Sheet, and it is a sound exercise of the Debtor's business judgment to obtain the Exit Financing on the grounds set forth in the Motion and pursuant to the Plan.

G. The Term Sheet and any documents memorializing the provisions thereof were negotiated and entered into in good faith and pursuant to arms' length bargaining positions by and between the Debtor and the Lender.

Based upon the forgoing, and after due consideration and good cause appearing therefor, it is hereby **ORDERED AS FOLLOWS**:

1. The Debtor is authorized and directed to enter into, execute and deliver to the Lender, any and all documents, agreements and instruments contemplated by, related to or to be delivered pursuant to or in connection with the Exit Financing from the Lender, which are reasonably requested by the Lender to evidence or effectuate any of the transactions or other

matters contemplated by or set forth in the Term Sheet or this order, upon substantially the same terms set forth in the Term Sheet, each as may be amended hereafter from time to time (the documents, instruments and agreements contemplated by the Term Sheet) without further order of this Court.

2. The Debtor is further authorized to perform its obligations under the Term Sheet and to take all actions and execute all documents necessary or appropriate to consummate the transactions contemplated under the Term Sheet consistent with this Order (collectively, and including the Term Sheet, the "Exit Financing Documents") which when consummated, shall constitute legal, valid, and binding obligations of the Debtor, enforceable against the Debtor, its successors and/or assigns (including, without limitation, any trustee or other estate representative in any Chapter 11 case, or subsequent Chapter 7 or Chapter 11 case) in accordance with its terms, and the Debtor is authorized to pay all (out of Cash Collateral or any other sources) sums which are necessary or appropriate to the consummation of the transactions contemplated under the Exit Financing Documents including, without limitation, interest fees, expenses and any other amounts required or allowed to be paid in accordance with the Term Sheet and loan documents which arise therefrom.

3. Notwithstanding anything to the contrary contained herein, the Lender's obligation to provide Exit Financing shall terminate upon the earliest to occur of (the "Termination Date") (i) the date of final indefeasible payment and satisfaction in full in cash of the Exit Financing, and termination of the Debtor's obligations under the Term Sheet (ii) the consummation of the sale or other disposition of all or substantially all of the assets of the Debtor, and upon an uncured default by the Debtor under the terms of the Exit Financing, immediately upon delivery of a notice of default. For the avoidance of doubt, in the event of an uncured default, the Lender shall have no

obligation to return to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or any other court in order to obtain relief from the automatic stay prior to seeking the enforcement of its state law rights and remedies. Any requirement of the Lender to provide Exit Financing shall be, and is hereby subject to the Debtor conducting a sale of the ground floor retail unit as contemplated by the Term Sheet and the Plan, and any Exit Financing provided to the Debtor by the Lender in connection with the Debtor's real property, commonly known 15 Avenue B (a/k/a 209 East 2nd Street), Unit 7, New York, New York (the "Property"), shall not at anytime be made subject or subordinate to, or made *pari passu* with, any other lien, security interest or claim against the Property, existing as of the date that the Exit Financing under the Term Sheet is consummated, or created under 11 U.S.C. §§ 363 or 364(d) or otherwise, and shall be secured by the Property.

4. The automatic stay imposed under 11 U.S.C. § 362(a) shall be, and is hereby modified as to the Lender to allow implementation of the provisions of this Order without further notice or order of the Bankruptcy Court.

5. The rights, remedies, powers, privileges, liens, and priorities of the Lender shall not be modified, altered or impaired by any subsequent order (including, but not limited to any confirmation order), by any plan or reorganization or liquidation in this case, or any successor case, without the express consent of the Lender, unless the Exit Financing has been indefeasibly paid in full in cash and completely satisfied and the commitments in the Term Sheet, as contemplated herein, been terminated.

6. The Court shall retain jurisdiction to enforce the provisions of this Order and the Exit Financing Documents and to resolve any disputes concerning this Order, the Exit Financing Documents, the distribution of the loan proceeds or the rights and duties of parties thereunder.

7. Any mortgage or other security instrument securing the Debtor's obligations to the Lender in connection with the Exit Financing is an instrument of transfer under, in connection with or in furtherance of the Debtor's confirmed Plan and/or the Order confirming the plan (the "Confirmation Order") which shall not be subject to tax under any law imposing a stamp tax, real estate transfer taxes, mortgage recording tax or similar tax, and, to the extent provided by 11 U.S.C. § 1146(a), if any, shall not be subject to any state, local or federal law imposing sales tax.

8. This Order may be recorded in the land records in which title to any property of the Debtor pledged as security in connection with the Exit Financing is registered or recorded. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Exit Financing Documents and this Order.

9. The Debtor is authorized and directed to pay, disburse or reserve, as the case may be, the distributions provided for under the Plan on account of "Allowed" and/or "Disputed" "Claims" (as said terms are defined in the Plan) from the proceeds of the Exit Financing at the closing on the Exit Financing Documents, together with the costs and expenses, if any, of closing payable by the Debtor.

10. The Debtor, by its counsel, shall hold the balance, if any, of the proceeds of the Exit Financing not paid or disbursed at the closing in escrow and shall distribute said proceeds only in accordance with the terms of the Plan.

Dated: New York, New York
May 24, 2017

**s/Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE